

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
.iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 5, 1984

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas    78701

Opinion No. JM-239

Re: Reconsideration of JM-219 authority of peace officers comissioned by school districts

Dear Mr. Bynum:

Attorney General Opinion JM-219 (1984) is withdrawn and the following is substituted therefor:

You have asked the following two questions regarding peace officers commissioned by boards of trustees of independent school districts:

> 1. What are the responsibilities of the Texas Commission on Law Enforcement Officer Standards and Education concerning [such] peace officers?

> 2. Do [such] peace officers . . . have all the powers, privileges, and immunities of peace officers whenever they are in the performance of their official duties even when they are not on school property? ([For example during the] hot pursuit of a person who has committed a crime on school property, the regulation of traffic on contiguous streets, and [the] investigation of crimes committed on school property.)

You advise us that the first question is prompted by the refusal of the Commission on Law Enforcement Officer Standards and Education to license putative peace officers commissioned pursuant to section 21.483 of the Education Code. This section provides as follows:

> The board of trustees of any school district may employ campus security personnel for the purpose of carrying out the provisions of this subchapter and if the board of trustees authorizes any officer to bear arms then they must commission them as peace officers. Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while

on the property under the control and jurisdiction of the district or otherwise in the performance of his duties. Any officer assigned to duty and commissioned shall take and file the oath required of peace officers, and shall execute and file a good and sufficient bond in the sum of $1,000, payable to the board of trustees, with two or more good and sufficient sureties, conditioned that he will fairly, impartially, and faithfully perform all the duties that may be required of him by law. The bond may be sued on from time to time in the name of any person injured until the whole amount of the bond is recovered. Any peace officer commissioned under this section must meet all minimum standards for peace officers established by the Commission on Law Enforcement Officer Standards and Education within one year of his commission, or his commission shall automatically expire.

The explicit language of section 21.483 establishes that: (1) a school district board of trustees may employ campus security personnel to carry out the provisions of subchapter M of chapter 21 of the Education Code; (2) campus security personnel commissioned as peace officers under section 21.483 possess "all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of [their employing school] district or otherwise in the performance of [their] duties"; and (3) officers commissioned under section 21.483 must, within one year of their commission, meet all minimum standards for peace officers established by the Texas Commission on Law Enforcement Officer Standards and Education, or their commissions automatically expire.

Section 6(c) of article 4413(29aa), V.T.C.S., provides that

[n]o person who does not have a license issued by the Commission [on Law Enforcement Standards and Education] shall be appointed as a peace officer. . . .

Section 6(h) of the same statute provides:

'Peace officer,' for the purposes of this Act, means only a person so designated by Article 2.12, Code of Criminal Procedure, 1965, or by Section 51.212 or 51.214, Texas Education Code.

It has been suggested that campus security personnel may not under any circumstances be regarded as "peace officers," because they are not within either article 2.12 of the Code of Criminal

Procedure sections 51.212 or 51.214 of the Education Code and are therefore ineligible to be licensed as peace officers under article 4413(29aa).

We agree that campus security personnel commissioned as peace officers under section 21.483 of the Education Code are not eligible to be licensed as "peace officers" by the commission under article 4413(29aa). The express language of sections 6(c) and 6(h) of article 4413(29aa) dictates this conclusion. This does not mean, however, that such personnel may not be designated as "peace officers" by a different statute. Section 6(h) of article 4413(29aa) provides only that "for purposes of this Act," i.e., article 4413(29aa), the term "peace officer" includes only those persons so designated by the enumerated statutes; it does not rule out the possibility that some other act may designate someone as a "peace officer." And this office has held on several occasions that various statutes other than article 4413(29aa) designate certain individuals as "peace officers." See, e.g., Attorney General Opinion MW-54 (1979) and opinions cited therein.

Section 21.483 expressly designates as "peace officers" campus security personnel commissioned as such under that section, and this statute is on an equal footing with article 4413(29aa). When article 4413(29aa) and section 21.483 are read together and harmonized, as they must be, Calvert v. Fort Worth National Bank, 356 S.W.2d 918 (Tex. 1962), the conclusion inevitably follows that section 21.483 peace officers are a separate and distinct kind of peace officer. They are not "peace officers" under article 4413(29aa), but they are "peace officers" nevertheless. Of course, they enjoy their status as peace officers only in certain instances, i.e., "while on the property under the control and jurisdiction of the district or otherwise in the performance of [their] duties." Educ. Code §21.483.

In answer to your first question, therefore, because campus security personnel commissioned as "peace officers" under section 21.483 of the Education Code are not eligible to be "peace officers" as defined by article 4413(29aa), the commission has no licensing responsibility concerning such officers. Under the express terms of section 21.483, the boards of trustees of the school districts of this state, not the commission, have the discretion to decide whether to commission individuals as "peace officers" under that statute and the power to issue such commissions if they choose to do so. The boards of trustees must require that anyone commissioned as a "peace officer" under section 21.483 must satisfy the "minimum standards for peace officers established by" the commission, including medical, educational, testing, and other requirements, within one year. The commission, in its discretion, may consult

with such boards on the implementation of the standards. V.T.C.S. art. 4413(29aa), §2(a)(6).

Your second question cannot be answered in the abstract. As noted, campus security personnel may be employed "for the purpose of carrying out the provisions of [subchapter M of chapter 21 of the Education Code]." They are clothed with the powers, privileges, and immunities of peace officers "while on the property under the control and jurisdiction of the district or otherwise in the performance of [their] duties. Whether campus security personnel are authorized to engage in the particular activities you describe is a fact question. The resolution of this question is dependent upon the scope of their duties as defined by their employing school boards and upon whether they may be said to be "on property under the control and jurisdiction of the district or otherwise in the performance of [their] duties" when they engage in such activities.

## SUMMARY

The Texas Commission on Law Enforcement Standards has no licensing responsibility concerning "peace officers" commissioned under section 21.483 of the Texas Education Code. The scope of the powers of section 21.483 peace officers depends upon the nature and scope of their duties as defined by their employing school district boards of trustees and upon whether, when they engage in particular activities, they are carrying out the provisions of subchapter M of chapter 21 of the Education Code and are "on the property under the control and jurisdiction of [their employing] district or [are] otherwise in the performance of [their] duties."

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS.
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Susan Garrison
Ann Kraatz
Jim Moellinger
Nancy Sutton